By the Court, Cowen, J,
Most clearly, the learned judge erred in. rejecting the plaintiff’s testimony. It is said, the defendant held a valid mortgage; and though he took a fraudulent deed, that' would .not vitiate the mortgage. The argument assumes what does not exist in respect to this plaintiff. If the proposed facts were true, the defendant does not hold the mortgage; he never had an assignment of it. The writing purporting to be an assignment is mere waste paper, void both by the common law, and the statute of the 13th Elizabeth, re-enacted here. Armstrong was the real assignee. The assignment was in consid *145 eration of his money, and the defendant stood a mere fraud-' ulent go-between, a character which 'the law strikes down to a blank. In short, the whole being intended to defraud a creditor, is void. It displaced no right of Armstrong, and the entire transaction enures to the creditor’s benefit. If the offered evidence be true, he is entitled, on principles of law and honesty, to recover and hold the land discharged of the mortgage.
New trial granted,